IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CONE MILLS CORPORATION, *et al.*, | : | Case No. 03-12944 (MFW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | | Re: Docket No. 1096 |

**ORDER GRANTING MOTION OF INTERNATIONAL TEXTILE GROUP, INC. FOR ORDER DIRECTING THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND, CROMPTON COLORS, INC. AND CROMPTON CORP. TO <u>COMPLY WITH THE SALE ORDER</u>**

Upon consideration of the Motion of International Textile Group, Inc. (the "Buyer") for Order Directing the New Jersey Department of Environmental Protection, the Administrator of the New Jersey Spill Compensation Fund, Crompton Colors, Inc. and Crompton Corp. (collectively, the "Claimants") to Comply with the Sale Order (the "Motion"); and finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after notice and opportunity for a hearing to consider the Motion; and upon the record and after due deliberation thereon; and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted [*other than with respect to the request for sanctions*]; and it is further

ORDERED that the New Jersey Department of Environmental Protection and the Administrator of the New Jersey Spill Compensation Fund are hereby directed to cease and desist from prosecuting the complaint filed with the Superior Court of New Jersey, Law Division, Essex Vicinage, No. L-6599-04 as such complaint relates to the Buyer (the "New Jersey Action"); and it is further

SSL-DOCS1 1530160v2

ORDERED that Crompton Colors, Inc. and Crompton Corp. (collectively, "Crompton") are hereby directed to cease and desist from prosecuting their cross-claims against the Buyer in the New Jersey Action; and it is further

ORDERED that ~~should the Claimants continue to pursue their claims against the~~ Buyer, then the Court, upon notice to the Claimants, shall conduct a hearing to determine whether (i) the Claimants should be held in contempt for failure to obey and abide by this Court's Sale Order; (ii) the Claimants may purge themselves of the Court's finding of civil contempt if and only if the Claimants withdraw their claims against the Buyer with prejudice; and (iii) the Court should award the Buyer attorney's fees and costs against Crompton for Crompton's willful and deliberate violations of the Court's Sale Order; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: ~~January~~ Feb. 28, 2005
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

ORDERED that the proof of claim filed by Crompton Colors, Inc. dated December 10, 2004 shall be deemed timely filed; and it is further

2