IN THE UNITED STATES BANKRUTPCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| CONE MILLS CORPORATION, *et al.*, | ) | Case No. 03-12944 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. 1188 |

**APPELLANTS CROMPTON COLORS, INC. AND CROMPTON CORPORATION'S STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL PURSUANT TO RULE 8006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Appellants, Crompton Colors, Inc. and Crompton Corporation ("Crompton") by and through their undersigned counsel, submit the following Statement of Issues on Appeal and Designation of Items to be Included in the Record on Appeal.

**I.   Statement Of Issues On Appeal**

1.   Does the debtor Cone Mill's failure to comply with Rule 6006, which mandates particular means of service for notices to assume, reject, or assign executory contracts, preclude the debtor from extinguishing the claims of a known creditor, Crompton, in a Bankruptcy Code § 363(f) asset sale where the only notice ever served on Crompton with respect to the bankruptcy or the sale was a notice to assume, reject or assign executory contracts?

2.   Where Cone Mill specifically sought to extinguish Crompton's rights and interests in property through a Section 363(f) asset sale, does Bankruptcy Rule 6004(c) require that notice must be served in accordance with Rules 9014 and 7004, which require at minimum that notice be addressed to an officer or authorized agent of the known creditor?

CHDATA 29943_1

3. Assuming that notice under Rule 2002 (a) can substitute for notice in compliance with Rule 6006 or Rule 6004 (c) for purposes of extinguishing Crompton's rights and interests in property by way of a Section 363(f) asset sale, did Cone Mill's comply with Rule 2002 (a) and can those rights be extinguished consistent with constitutional due process where:

(a) the debtor and buyer specifically intended to extinguish the successor liability claims of Crompton, a known creditor,

(b) the debtor failed to comply with any of its obligations to list Crompton in the bankruptcy schedules or to serve the known creditor with, *inter alia*, the motion to approve the sale procedures, the motion to approve the sale, the order establishing the sale procedures, the proposed sale agreement, the sale order, or the plan disclosure statements;

(c) the only notice of the bankruptcy ever sent to Crompton was a notice to assume, reject, or assign executory contracts, even though Crompton did not have an executory contract with the debtor;

(d) the debtor and buyer possessed numerous addressees with knowledge of the known creditor's claims, but the notice was not sent to anyone in particular, nor directed to any officer or authorized agent of the known creditor. (*See In re GST Telecom, Inc.*, 2002 U.s. Dist. LEXIS 18745, at *23-24 (D. Del. July 29, 2002) ("courts have continuously held that when serving large agencies and businesses, service not directed to anyone in particular is not sufficient [under Rule 2002 (a)]" (citations omitted));

(e) because of the failure to utilize any of the addressees possessed by the debtor and buyer, and because of the failure to otherwise direct service to an officer or authorized agent of the known creditor, the notice was never received by any person at Crompton with any knowledge of the known creditor's claims; and

(f) the notice used did not put Crompton on notice that any of its claims were at risk of being extinguished by the asset sale?

## II.   Designation Of Items To Be Included On Appeal

1. Debtors' Motion to Approve Sale Procedures, with exhibits.

2. Debtors' Motion to Approve Sale, with exhibits.

3. Mary O'Neil Deposition Transcript, with exhibits.

4. Neil Koonce Deposition Transcript, with exhibits.

5. D'Appolonia Deposition Transcript, with exhibits.

6. Pamela Missal Deposition Transcript, with exhibits.

7. Affidavit of Neil Koonce

8. ITG's Supplemental Brief in Support of ITG's Motion for Enforcement of Sale Order.

9. Memorandum of Law of Crompton Color's Inc. Regarding Failure to Provide Notice to a Known Creditor in Response to ITG's Supplement to Motions of ITG, with all exhibits.

10. Declaration of Mark Pettigrew, Exhibit P to Crompton's Memorandum Regarding Failure to Provide Notice.

11. Letter from Debtor's Former General Counsel to Debtor's Lead Counsel in Bankruptcy regarding Specific Instructions to Avoid Liability for Crompton's Claims, Exhibit Q to Crompton's Memorandum Regarding Failure to Provide Notice.

12. Schedule 2.09 and 2.12 to § 363 Asset Sale Agreement identifying Crompton's Claims as "Litigations" and "Environmental Matters," Exhibit R to Crompton's Memorandum Regarding Failure to Provide Notice.

CHDATA 29943_1

13. Supplemental Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing, Exhibit T to Crompton's Memorandum Regarding Failure to Provide Notice.

14. Affidavit of Service for Supplemental Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing, Exhibit U to Crompton's Memorandum Regarding Failure to Provide Notice.

15. Purchase and Sale Agreement regarding Environmental Liability Site, Exhibit V to Crompton's Memorandum Regarding Failure to Provide Notice.

16. Debtor's Consolidated Objection to ITG's Motion Seeking Enforcement of Sale Order, Allowance of Administrative Claims or Recission.

17. Transcript, February 28, 2005 Hearing on Motion of ITG. To Enforce Sale Order

18. Transcript, October 27, 2003 Hearing on Omnibus Bid Procedures

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation

By: _____
Bradford J. Sandler, Esquire (No. 4142)
919 North Market Street, Suite 710
Wilmington, DE 19801-1292
(302) 654-8200

-and-

SCHNADER HARRISON SEGAL &
LEWIS LLP
A Professional Corporation
John M. Armstrong, Esquire
Richard A. Barkasy, Esquire
Jerry L. Tanenbaum, Esquire
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002-1165
(856) 482-5222

Counsel to Appellants

CHDATA 29943_1