IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONE MILLS CORPORATION., *et al.*, | ) | Case No. 03-12944 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING DEBTORS' MOTION FOR ORDER
(A) APPROVING SALE PROCEDURES, (B) APPROVING
BUYER'S BREAKUP FEE AND EXPENSE REIMBURSEMENT;
(C) APPROVING FORM AND MANNER OF NOTICE; (D) SCHEDULING
A HEARING TO CONSIDER THE SALE OF SUBSTANTIALLY ALL
OF THE DEBTORS' ASSETS; AND (E) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of Cone Mills Corporation, CIPCO S.C., Inc., Cone Foreign Trading LLC and Cornwallis Development Co., the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), requesting entry of an order under sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Fed. R. Bankr. P. 6004 (the "Bankruptcy Rules") (A) approving the sale procedures (the "Sale Procedures"); (B) approving Buyer's Breakup Fee and Expense Reimbursement; (C) approving the form and manner of notice of the Auction and the Sale Procedures; (D) scheduling a hearing (the "Sale Hearing") and objection deadline with respect to the proposed sale of the Debtors' assets to WL Ross & Co. LLC ("Buyer" or "WL Ross") or such other successful bidder(s) (the "Asset Sale"); and (E) granting related relief; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the Declaration of William Q.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Derrough in support of the Motion, and the remainder of the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

FOUND, CONCLUDED AND DECLARED THAT:[2]

A. This Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).

C. Good and sufficient notice of the Motion and the relief sought therein has been given and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to parties in interest.

D. The Debtors' proposed notices of (i) the Asset Sale, (ii) the assumption and assignment of unexpired leases, license agreements and executory contracts and any cure amounts payable in respect thereof, as described or referred to in the Agreement, and (iii) the Sale Procedures, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Asset Sale, and the assumption and assignment of unexpired leases, license agreements and executory contracts and the Sale Procedures to be employed in connection therewith.

E. The Debtors have demonstrated a sound business justification for authorizing the payment of the Breakup Fee ($1.8 million) and Expense Reimbursement (up to $750,000) to the Buyer under the circumstances set forth in the Asset Purchase Agreement among the Debtors and WL Ross (the "Agreement").[3]

F. The Breakup Fee and Expense Reimbursement are fair and reasonable.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

[3] A copy of the Agreement will be filed with the Court and included on the docket in these cases.

G. The Debtors' payment of the Breakup Fee and Expense Reimbursement to the Buyer, as set forth in the Agreement, is (a) an actual and necessary cost and expense of preserving the Debtors' bankruptcy estates, within the meaning of section 503(b) of the Bankruptcy Code, (b) of substantial benefit to the Debtors' estates, (c) reasonable and appropriate, including in light of the size and nature of the Asset Sale and the efforts that have been and will be expended by the Buyer even though the proposed Asset Sale to the Buyer is subject to higher and better offers, and (d) necessary to ensure that the Buyer will continue to pursue its proposed acquisition of the Assets.

H. The Breakup Fee and Expense Reimbursement were and are material inducements for, and conditions of, the Buyer's entering into the Agreement. The Buyer is unwilling to commit to hold open its offer to purchase the Assets under the terms of the Agreement unless it is assured of payment of the Breakup Fee and Expense Reimbursement as more fully set forth in the Agreement. Assurance to the Buyer of payment of the Breakup Fee and Expense Reimbursement has promoted and will promote more competitive bidding by inducing the Buyer's bid that otherwise would not have been made, and without which bidding would have been and would continue to be limited. Further, because the Breakup Fee and Expense Reimbursement induced the Buyer to submit a bid that will serve as a minimum or floor bid for all of the Assets on which other bidders and the Debtors can rely, the Buyer has provided a benefit to the Debtors' bankruptcy estates by increasing the likelihood that the price at which the Assets are sold will reflect their true worth.

I. Absent authorization of the payment of the Breakup Fee and Expense Reimbursement, the Debtors may lose the opportunity to obtain the highest and best available offer for the Assets and the downside protection afforded by the Agreement. In light of the benefit to the Debtors' estates realized by having a fully negotiated Agreement, an Agreement

which will enable the Debtors to preserve the value of their business, ample support exists for the approval of the Breakup Fee and Expense Reimbursement as contemplated in the Agreement.

J.  The entry of this Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1.  The relief requested in the Motion, as modified by this Order, is granted.

2.  All objections to the entry of this Order that have not been withdrawn, waived, resolved or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits with prejudice.

3.  The Sale Procedures attached hereto as Exhibit A are hereby approved and shall apply with respect to the Asset Sale.

4.  The Breakup Fee ($1.8 million) and Expense Reimbursement (up to $750,000) are hereby approved.

5.  Subject to the conditions and limitations set forth in the Agreement, in the event that the Agreement is terminated, the Debtors shall pay the Breakup Fee and Expense Reimbursement to the Buyer pursuant to the terms and conditions set forth in the Agreement.

6.  The Debtors' obligation to pay the Breakup Fee and Expense Reimbursement shall constitute an administrative expense claim in these cases under sections 503(b) and 507(a)(1) of the Bankruptcy Code, and shall be payable in accordance with the terms of the Agreement without further order of this Court.

7.  The Debtors may sell the Assets by conducting an Auction in accordance with the Sale Procedures.

8.  If one or more Qualified Bids (other than the Buyer's) are received, an Auction shall take place at 9:30 a.m. (prevailing Eastern Time) on January 29, 2004 (the

"Auction Date"), at the offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, or such other place as the Debtors shall notify Buyer and all Qualified Bidders who have submitted a Qualified Bid and expressed their intent to participate in the Auction.

9. A Qualified Bidder that desires to make a bid shall deliver written copies of its bid to: (a) the Debtors, 804 Green Valley Road, Suite 300, P.O. Box 26540, Greensboro, NC 27415-6540, Attention: Neil W. Koonce, General Counsel, Facsimile (336) 379-6972 -- With copies to: Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attention: Kenneth M. Schneider and Andrew N. Rosenberg, Facsimile: (212) 373-2122 and Young Conaway Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391, Attention: Pauline Morgan, Facsimile: (302) 571-1253; (b) WL Ross & Co. LLC, Manhattan Tower, 101 East 52nd Street, New York, NY 10022, Attention: Wilbur L. Ross, Facsimile: (212) 317-4891 – With a copy to: Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-2696, Attention: Lewis Kruger, Facsimile: (212) 806-1230, counsel to the Buyer; (c) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, Attention: Richard D. Feintuch, Facsimile: (212) 403-2248, counsel for the Debtors' prepetition bank group; (d) King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036, Attention: Barry Seidel, Facsimile: (212) 556-2222, counsel to Prudential; (e) Dechert LLP, 30 Rockefeller Plaza, New York, NY 10112, Attention: Glenn E. Siegel, Facsimile: (212) 698- 3599, counsel to the Bond Trustee; (f) Jones Day Reavis & Pogue, 222 East 41st Street, New York, NY 10017-6702, Attention: Paul D. Leake, Facsimile: (212) 755-7306, counsel to the Bond Committee; and (g) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark S. Indelicato, Facsimile: (212) 478-7400 and Cozen & O'Connor, Chase Manhattan Center, Suite 1400, 1201 North

Market Street, Wilmington, DE 19801, Attention: Mark E. Felger, Facsimile: (302) 295-2013, counsel to the Official Committee, not later than 11:59 p.m. (prevailing Eastern Time) on January 23, 2003 (the "Bid Deadline") and shall comply with the requirements set forth in the Sale Procedures for making such bid.

10.  The Debtors shall have the right to reject any and all bids that they believe in their reasonable discretion, and after consultation with the Creditor Stakeholders, do not conform with the Sale Procedures. The Buyer's bid as embodied in the Agreement is deemed to be a conforming bid.

11.  The Sale Hearing shall be held before this Court on February 9, 2004 at 11:30 a.m. (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

12.  Not later than three (3) business days after the entry of this Order, the Debtors will cause the Auction and Sale Notice substantially in the form attached to this Order as Exhibit B to be sent by first-class mail postage prepaid to each of the parties in the Sale Procedures designated to receive such Notice and the Environmental Protection Agency, all state/local environmental agencies in any jurisdiction where the Debtors own or have owned or used real property, all taxing authorities or recording offices which have a reasonably known interest in the relief requested, all federal, state and local regulatory authorities with jurisdiction over the Debtors, the office of the United States Attorney, all insurers, and all non-debtor parties to contracts or leases (executory or other).

13.  Not later than ten (10) business days after the entry of this Order, the Debtors shall cause the Auction and Sale Publication Notice, in a form substantially similar to the form attached to the Order as Exhibit C, to be published in (a) the national edition of The New York Times, and (b) an appropriate industry trade journal(s), pursuant to Bankruptcy Rule

2002(l). Such notice is good and proper notice to such interested parties, including those whose identities are unknown to the Debtors.

14. Not later than ten (10) business days after the entry of this Order, the Debtors shall cause the Cure Amount Notice, substantially in the form attached to this Order as Exhibit D, to be served on the non-debtor parties to all unexpired leases, license agreements and executory contracts.

15. Any objections to the proposed asset sale(s), including the assumption, sale and assignment of unexpired leases, license agreements or executory contracts must be (a) in writing, (b) comply with the Federal Rules of Bankruptcy Procedures and the Local Bankruptcy Rules, (c) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, Fifth Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on February 2, 2004, and (d) be served so as to be received no later than 4:00 (prevailing Eastern Time) on the same day upon the parties in the next sentence. Unless the non-debtor party to an unexpired lease, license agreement or executory contract files an objection (the "Cure Amount Objection") to its scheduled Prepetition Cure Amount on or before 4:00 p.m. (prevailing Eastern Time) on January 26, 2004 (the "Cure Objection Deadline") and serves a copy of the Cure Amount Objection so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (a) the Debtors, 804 Green Valley Road, Suite 300, P.O. Box 26540, Greensboro, NC 27415-6540, Attention: Neil W. Koonce, General Counsel, Facsimile (336) 379-6972-- With copies to: Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, N.Y. 10019, Attention: Kenneth M. Schneider and Andrew N. Rosenberg, Facsimile: (212) 373-2122, and Young Conaway Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391, Attention: Pauline Morgan, Facsimile: (302) 571-1253, counsel to the Debtors; (b) Stroock

& Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-2696, Attention: Lewis Kruger, Esq., Facsimile: (212) 806-1230, counsel to the Buyer; (c) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware, 19801, Attention: Joseph McMahon; (d) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, Attention: Richard D. Feintuch, Facsimile: (212) 403-2248, counsel for the Debtors' prepetition bank group; (e) King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036, Attention: Barry Seidel, Facsimile: (212) 556-2222, counsel to Prudential; (f) Dechert LLP, 30 Rockefeller Plaza, New York, NY 10112, Attention: Glenn E. Siegel, Facsimile: (212) 698-3599, counsel to the Bond Trustee; (g) Jones Day Reavis & Pogue, 222 East 41st Street, New York, NY 10017-6702, Attention: Paul D. Leake, Facsimile: (212) 755-7306, counsel to the Bond Committee; and (h) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attention: Mark S. Indelicato, Facsimile: (212) 478-7400 and Cozen & O'Connor, Chase Manhattan Center, Suite 1400, 1201 North Market Street, Wilmington, DE 19801, Attention: Mark E. Felger, Facsimile: (302) 295-2013, counsel to the Official Committee, such non-debtor party shall (i) be forever barred from objecting to the Prepetition Cure Amount and from asserting any additional cure or other amounts with respect to such unexpired lease, license agreement or executory contract and the Debtors shall be entitled to rely solely upon the Prepetition Cure Amount; and (ii) be deemed to have consented to the assumption and assignment of such unexpired lease, license agreement or executory contract and shall be forever barred and estopped from asserting or claiming against the Debtors, Buyer or such other successful bidder or any other assignee of the relevant unexpired lease, license agreement or executory contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such unexpired lease, license agreement or executory contract.

16. In the event that a Cure Amount Objection is filed, the Cure Amount Objection must set forth (i) the basis for the objection, and (ii) the amount the party asserts as the Prepetition Cure Amount. In the event that the Debtors and the non-debtor party to the unexpired lease, license agreement or executory contract cannot consensually resolve the Cure Amount Objection, the Debtors will segregate any disputed cure amounts pending the resolution of any such disputes by this Court or mutual agreement of the parties.

17. Hearings on Cure Amount Objections may be held (a) at the Sale Hearing, or (b) on such other date as this Court may designate upon motion by the Debtors, provided that if the subject unexpired lease, license agreement or executory contract is assumed and assigned, the cure amount asserted by the objecting party (or such lower amount as may be fixed by this Court) shall be deposited and held in a segregated account by the Debtors pending further order of this Court or mutual agreement of the parties.

18. The Debtors' decision to assume and assign any unexpired lease, license agreement or executory contract is subject to Court approval and consummation of an Asset Sale(s) involving the assumption and assignment of such unexpired lease, license agreement or executory contract. Absent consummation of such Asset Sale(s), each of the unexpired leases, license agreements and executory contracts to be assumed and assigned in connection therewith shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

19. The notices to be issued in connection with the proposed Asset Sale(s), in substantially the form of the notices annexed to this Order as Exhibits B, C and D are approved in all respects.

20. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties-in-interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

21. As provided by Bankruptcy Rules 6004(g) and 6006(d), this Order shall not be stayed for ten (10) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

22. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: Wilmington, Delaware
      November 7, 2003

                                              */s/ Mary F. Walrath*
                                              Mary F. Walrath
                                              United States Bankruptcy Judge