# Unpublished Opinion

Get a Document by Citation - 2002 U.S. Dist. LEXIS 18745 Page 1 of 14

Case 1:05-cv-00232-GMS  Document 11-2  Filed 12/15/2005  Page 2 of 15

View: **Full** | Custom        1 of 1        **FAST Print** Print | Download | Fax | Email | Text Only
FOCUS™ | More Like This | More Like Selected Text | *Shepardize®* | TOA

In re GST Telecom, Inc., 2002 U.S. Dist. LEXIS 18745 (Copy w/ Cite)        Pages: **17**

Service: **Get by LEXSEE®**
Citation: **2002 U.S. Dist. LEXIS 18745**

*2002 U.S. Dist. LEXIS 18745, \**

IN RE: GST Telecom, Inc., et al., Debtors.

Case No. 00-1982 GMS Jointly Administered

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2002 U.S. Dist. LEXIS 18745

July 29, 2002, Decided

**PRIOR HISTORY:** [\*1] Chapter 11.

**DISPOSITION:** California State Board of Equalization's motion for summary judgment granted in part and denied in part. Debtor's cross-motion for summary judgment denied.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Creditor, a state tax board, filed a post-bankruptcy petition administrative expense request for the payment of taxes due on post-petition sales. Creditor claimed that debtors owed sales tax on a transfer of property after the petition was filed. Debtors asserted that the claim should not be allowed. The parties cross-moved for summary judgment.

**OVERVIEW:** Debtors asserted that the claim should not be allowed because the tax at issue was a "stamp or similar tax" which debtors were exempted from paying under 11 U.S.C.S. § 1146(c), and creditor's claim was untimely as it was made nearly one year after the applicable bar date ordered by the court for all tax claims by the government. Creditor argued that the tax was not a "stamp or similar tax" for 11 U.S.C.S. § 1146(c) purposes. Creditor also argued that, although its claim was filed after the bar date, the court should excuse the untimely filing because creditor failed to receive proper notice of the sale, the bar date, or the confirmation as required by Fed. R. Bankr. P. 2002. The court concluded that, consistent with an earlier ruling in the case, the tax was not a "stamp or similar tax" and therefore did not qualify for exemption under 11 U.S.C.S. § 1146(c). Nevertheless, there was a genuine issue of material fact as to whether creditor received actual notice of the applicable bar date. Thus, the court granted creditor's motion as to the 11 U.S.C.S. § 1146(c) issue, but denied the motion as to the notice issue. Debtors' motion was also denied.

**OUTCOME:** The court granted creditor's summary judgment motion in part and denied it in part, and denied debtors' summary judgment motion.

### LexisNexis(R) Headnotes + Hide Headnotes

Civil Procedure > Summary Judgment > Summary Judgment Standard

*HN1* Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P 56(c). A fact is material if

it might affect the outcome of the case, and an issue is genuine if the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmovant. More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof

HN2 ± When deciding a motion for summary judgment, a court must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. The nonmoving party, however, must demonstrate the existence of a material fact supplying sufficient evidence--not mere allegations--for a reasonable jury to find for the nonmovant. To raise a genuine issue of material fact, the nonmovant need not match, item for item, each piece of evidence proffered by the movant but simply must exceed the mere scintilla of evidence standard. The nonmovant's evidence, however, must be sufficient for a reasonable jury to find in favor of the party, given the applicable burden of proof. More Like This Headnote

Bankruptcy Law > Chapter 11 (Reorganization) > Plan Confirmation > Tax Provisions

HN3 ± See 11 U.S.C.S. § 1146(c) (2002).

Bankruptcy Law > Chapter 11 (Reorganization) > Plan Confirmation > Tax Provisions

HN4 ± The United States Court of Appeals for the Second Circuit has outlined a five part test courts can use to determine whether a tax is a stamp or similar tax. According to the Second Circuit, a court must consider whether: (1) the tax is imposed only at the time of transfer or sale of the item at issue; (2) the amount due under the tax is determined by the consideration for, par value of, or value of the item being transferred; (3) the tax rate is a relatively small percentage of the consideration for, par value of, or value of the item being transferred; (4) the tax is imposed irrespective of whether the transferor enjoyed a gain or suffered a loss on the underlying sale or transfer; (5) in the case of state documentary transfer taxes, the tax must be paid as a prerequisite to recording. More Like This Headnote

Bankruptcy Law > Chapter 11 (Reorganization) > Plan Confirmation > Tax Provisions

HN5 ± In order to qualify as a stamp tax, a tax must impose a rate that is roughly equivalent to the one-percent stamp tax rate. More Like This Headnote

Bankruptcy Law > Chapter 11 (Reorganization) > Plan Confirmation > Tax Provisions

HN6 ± A stamp tax is, by definition, a tax on the instrument of transfer, not on the parties to the transfer or the act of recording the transfer. More Like This Headnote

Tax Law > State & Local Tax > Sales Tax

HN7 ± California's sales tax imposes a tax upon "all retailers" for the privilege of selling tangible personal property in the state. Cal. Rev. & Tax Code § 6051 (2002). More Like This Headnote

Bankruptcy Law > Case Administration > Administration

HN8 ± Fed. R. Bankr. P. 2002(f) states that notice of the time allowed for filing claims may be properly served under the rule. Fed. R. Bankr. P. 2002(f)(3). More Like This Headnote

Bankruptcy Law > Case Administration > Administration

HN9 ± Fed. R. Bankr. P. 2002 dictates that notice to creditors under the rule must be addressed as the entity has directed in its last request filed in the particular case. Fed. R. Bankr. P. 2002(g)(1). The

Get a Document by Citation - 2002 U.S. Dist. LEXIS 18745　　Page 3 of 14

Case 1:05-cv-00232-GMS　　Document 11-2　　Filed 12/15/2005　　Page 4 of 15

Rule further states that if the creditor does not have an address on file, the notices shall be mailed to the address shown on the list of creditors or the schedule of liabilities, whichever is filed later. Fed. R. Bankr. P. 2002(g)(2). More Like This Headnote

Bankruptcy Law > Debtor Benefits, Duties & Eligibility > Duties

HN10 The burden is on the debtors to accurately complete their schedule of names and addresses of creditors. More Like This Headnote

Civil Procedure > Pleading & Practice > Service of Process

HN11 Courts continually hold that when serving large agencies and businesses, service not directed to the attention of anybody in particular is not sufficient. More Like This Headnote

Bankruptcy Law > Case Administration > Administration

HN12 When service must be made in accordance with Fed. R. Bankr. P. 2002, a number of courts hold that actual notice can cure defective service. More Like This Headnote

**COUNSEL:** For Universal Service Administrative Company, creditor: Jillian K. Aylward.

For Robert W. Wiswall, creditor: William Louis Beecher, Beecher and Conniff, Tacoma, WA.

For Washington County, Oregon, creditor: Diane Belt, Department of Assessment and Taxation, Hillsboro, OR.

For State of California, State Board of Equalization, creditor: Joseph J. Bodnar, Esq, Walsh, Monzack & Monaco, P.A., Wilmington, DE usa.

For Lucent Technologies, AT & T Corp., creditors: Charles J. Brown, Elzufon Austin Reardon Tarlov & Mondell, Wilmington, DE.

For Power County, Idaho, creditor: Craig W. Christensen.

For Amy Ash, creditor: Dennis J. Clancy.

For Reliance National Insurance Company (in liquidation), creditor: Steven T. Davis, Obermayer Rebmann Maxwell & Hippel LLP, Wilmington, DE usa.

For Southwestern Bell Telephone Company, creditor: Henry Jon DeWerth-Jaffe, Pepper Hamilton LLP, Philadelphia, PA usa.

For MGH [*2] Enterprises, Inc., creditor: Carolyn Hochstadter Dicker.

For John Warta, Robert Hanson and John Warta, creditors: Joseph C. Handlon, Ashby & Geddes, Wilmington, DE usa.

For Tennessee Dept. of Revenue, creditor: Gina Baker Hantel, Tennessee Department of Revenue, Nashville, TN.

For Official Commmittee of Unsecured Creditors, creditor: Donna L. Harris, Morris, Nichols, Arsht & Tunnell, Wilmington, DE usa.

For William Jack Lewis, creditor: Henry A. Heiman, Heiman, Aber, Goldlust & Baker, Wilmington, DE usa.

For Underground Construction Co., Inc., C. R. Fedrick, Inc., creditors: R. Karl Hill, Seitz, Van Ogtrop & Geen, P.A., Wilmington, DE usa.

For MGH Enterprises, Inc., creditor: James E. Huggett, Klehr Harrison Harvey Branzburg & Ellers, Wilmington, DE usa.

For Winstar Holdings, L.L.C., creditor: Michael R. Lastowski, Duane Morris LLP, Wilmington, DE.

For Lambco Engineering, Inc, creditor: Steven M. Lawrence, Alvardo, Smith & Sanchez, Irvine, CA.

For Broadwing Communications, Inc., creditor: Patricia P. McGonigle, Seitz, Van Ogtrop & Green P.A., Wilmington, DE usa.

For Clifford Sander, State of California, State Board of Equalization, [*3] creditors: Francis A. Monaco Jr., Walsh, Monzack & Monaco, P.A., Wilmington, DE usa.

For Southwestern Bell Telephone Company, creditor: Michael P. Morton, Michael P. Morton, P.A., Wilmington, DE usa.

For Washington State Department of Revenue, creditor: Zachary Mosner, Office of the Attorney General, Seattle, WA.

For Robert H. Hanson, John Warta, creditors: Ricardo Palacio, Esq, Ashby & Geddes, P. A., Wilmington, DE usa.

For TelePacific Communications, creditor: John C. Phillips, Jr, Phillips, Goldman & Spence, Wilmington, DE.

For Broadwing Communications, Inc., creditor: Julie K. Plowman, Austin, TX.

For County Of San Bernardino, California, creditor: Martha E Romero, Whittier, CA.

For Robert Olson, Jay Cerveny and The Whalebone Group, Inc, Official Commmittee of Unsecured Creditors, creditors: Eric Lopez Schnabel, Esq, Klett Rooney Lieber & Schorling, Wilmington, DE usa.

For Pac-West Telecomm, Inc., creditor: Clifford W. Stevens.

For Lucini/ Parish Insurance, Inc., creditor: William David Sullivan, Elzufon Austin Reardon Tarlov & Mondell, Wilmington, DE usa.

For Aerotel, Ltd. & Aerotel, U.S.A., Inc., creditor: Theodore J. Tacconelli, [*4] Ferry & Joseph P. A., Wilmington, DE usa.

For John Warta, creditor: Philip Trainer, Jr.

For Davis Wright Tremaine LLP, creditor: Joseph M. VanLeuven.

For Clark County, Washington, creditor: Lori L. Volkman.

For L.E. Wentz Company, creditor: Amy E. Wallace, Palo Alto, CA.

For Communications Solutions Group, Inc., creditor: Thomas D. Walsh, McCarter & English, LLP, Wilmington, DE usa.

For Comsys Information Technology Services, Inc.., creditor: Ray Waters.

For United States, creditor: Christopher Robert Zaetta, U.S. Department of Justice, Washington, DC usa.

For GST TELECOM, INC., debtor: Elio Battista Jr., Blank, Rome, Comisky & McCauley LLP, Ashley B. Stitzer, James Tobia, Christopher A. Ward, Steven M. Yoder, The Bayard Firm, Wilmington, DE usa.

For GST TELECOM, INC., debtor: Christopher J. Bunce, Lenexa, KS.

For GST TELECOM, INC., debtor: James F. Gray, Vancouver, WA.

For The Bayard Firm, aty: Elio Battista Jr., Blank, Rome, Comisky & McCauley LLP, Steven M. Yoder, The Bayard Firm, Wilmington, DE usa.

For Napa County Tax Collector, aty: Silva Darbinian.

For Morris, Nichols, Arsht & Tunnell, aty: Donna L. Harris, Morris, [*5] Nichols, Arsht & Tunnell, Wilmington, DE usa.

For Deloitte & Touche LLP, fa: Elio Battista Jr., Blank, Rome, Comisky & McCauley LLP, Wilmington, DE.

For Merrill Contractors, Inc., interpleader: Aaron J. Bell, Canby, OR.

For The Bank of New York, interpleader: Aaron R. Cahn, Carter Ledyard & Milburn, New York, NY.

For American Telcom Management Corp., American Telecom Management Corp., ATMC, interpleaders: Glenn Ward Calsada.

For Raven & Awerkamp, P.C., interpleader: Dennis J. Clancy.

For Verizon Hawaii, Inc., interpleader: Curtis J Crowther, Young Conaway Stargatt & Taylor LLP, Wilmington, DE usa.

For Elmore County, interpleader: Gary W. Edson.

For Nolan Thomas, Inc., interpleader: John P. Eleazarian, Fresno, CA.

For Corey K. Ford, interpleader: Aaron A. Garber, Pepper Hamilton LLP, Wilmington, DE usa.

For Argo Partners, Inc., interpleader: Matthew A. Gold, Argo Partners Inc., New York, NY usa.

For Nolan Thomas, Inc., interpleader: Joseph C. Handlon, Ashby & Geddes, Wilmington, DE usa.

For Commissioner of Revenue for the State of Tennessee, interpleader: Gina Baker Hantel, Tennessee Department of Revenue, Nashville, TN.

For [*6] Univance, Inc., Douglas W. Jessop, interpleaders: Jerrop & Company, P.C.

For Amroc Investments, LLC, interpleader: David S. Leinwand, Amroc Invenstments, LLC, New York, NY.

For Inforum Communications, Inc., interpleader: Richard M. Lorenzen.

For Kamehameha Schools, interpleader: Katharine L. Mayer, McCarter & English, Thomas D. Walsh, McCarter & English, LLP, Wilmington, DE usa.

For Liquidity Solutions, Inc., interpleader: Robert K. Minkoff, Liquidity Solutions, Inc., Hackensack, NJ.

For Pima County, Arizona, interpleader: Alison K. North.

Get a Document by Citation - 2002 U.S. Dist. LEXIS 18745  Page 6 of 14

Case 1:05-cv-00232-GMS   Document 11-2   Filed 12/15/2005   Page 7 of 15

For Salt Lake County, interpleader: Thomas W. Peters.

For Zachary Mosner, interpleader: Allison E. Reardon, Delaware Division Of Revenue, Wilmington, DE.

For Illinois Department of Revenue, interpleader: James E. Ryan.

For American Express Travel Related SVCS Co Inc Corp Card, interpleader: Patrick Scanlon, Law Offices of Patrick Scanlon, Milford, DE usa.

For XO Communications, Inc., interpleader: Leah J. Sellers, Cleveland, OH.

For James L. Kennedy, interpleader: Susan C. Stevenson.

For Kamehameha Schools, interpleader: Susan Tius, Rush Moore Craven Sutton et al, Honolulu, Ha.

For [*7] Latham & Watkins, interpleader: Steven M. Yoder, The Bayard Firm, Wilmington, DE usa.

For Houston Independent School District, Harris County City of Houston, respondents: John P. Dillman, Linebarger Heard Goggan Blair, Houston, TX.

For KPMG LLP, aud: Ashley B. Stitzer, Christopher A. Ward, The Bayard Firm, Wilmington, DE usa.

For Logan & Company, Inc., other Professional: Christopher A. Ward, Steven M. Yoder, The Bayard Firm, Wilmington, DE usa.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Gregory M. Sleet

**OPINION: ORDER**

**I. INTRODUCTION**

On February 22, 2001, the court entered an order pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure that set a bar date for all tax claims by governmental entities. The bar date was March 31, 2001. The movant, the State Board of Equalization of the State of California ("California" or "The Board"), claims that it did not receive notice of that bar date.

On February 15, 2002, the Board filed a post-petition administrative expense request for the payment of taxes due on post-petition sales. The Board claims that the debtor owes sales tax on a transfer of property that was made in the state [*8] of California after the petition was filed. The debtors assert that the claim should not be allowed because (1) the tax at issue is a "stamp or similar tax" which the debtors are exempted from paying under 11 U.S.C. § 1146(c) and (2) California's claim is untimely as it was made nearly one year after the March 31, 2001 bar date.

Presently before the court is California's Motion for Summary Judgment which argues that its tax is not a stamp or similar tax for 1146(c) purposes. California argues that although its claim was filed after the bar date, the court should excuse the untimely filing because California failed to receive proper notice of the sale, the bar date, or the confirmation as required by Bankruptcy Rules 9014 and 7004, or in the alternative, Rule 2002. The debtors have filed a cross motion for summary judgment asking the court to find that their service was appropriate under these rules.

Upon consideration of the parties' submissions and the applicable law, the court concludes that consistent with its earlier ruling in this case regarding the State of Washington, California's tax is not a "stamp or similar tax" and therefore does not qualify for [*9] exemption under § 1146(c). Nevertheless, the court

Get a Document by Citation, 2002 U.S. Dist. LEXIS 18745  Page 7 of 14

Case 1:05-cv-00232-GMS   Document 11-2   Filed 12/15/2005   Page 8 of 15

finds that there is a genuine issue of material fact as to whether the Board received actual notice of the applicable bar date. For these reasons, the court will grant California's motion as to the 1146(c) issue, but will deny the motion as to the notice issue due to the existence of genuine issues for fact. The debtors' motion will be denied for this reason. The court will now explain its reasoning.

## II. BACKGROUND

GST Telecommunications is a telecommunications firm founded in 1994. n1 The corporation grew rapidly in its early years. It operated in eight western states, including California. By 1999, however, the company had experienced a reversal of fortune, and subsequently filed for bankruptcy under Chapter 11 on May 17, 2000. On July 14, 2000, the debtors moved for an order approving a sale of substantially all of their assets to Time Warner Telecom ("Time Warner"). The Board was not listed on the applicable service list. The court signed an order permitting the sale of assets to Time Warner on September 21, 2000.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The other debtors are subsidiaries of GST Telecommunications.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*10]

The sale of assets to Time Warner caused Time Warner to purchase some of GST's assets located in California. California law required the debtors to pay a sales tax on the transfer. Section 6051 of the California Revenue and Tax Code states that "for the privilege of selling tangible personal property at retail a tax is hereby imposed upon all retailers at a rate of ... 4 3/4 percent." CA. REV. & TAX CODE § 6051 (2002).

On January 25, 2001, the debtors filed an application for an order pursuant to Bankruptcy Rule 3003(c)(3) to establish a deadline for governmental units to file proofs of claim for tax claims. The court approved the application, and signed an order setting the bar date at March 31, 2001 ("the Administrative Tax Bar Order" or "bar order"). The Administrative Tax Bar Order was sent to the debtors' service list. It is undisputed that the Board was listed on the affidavit of service as follows: "State of California, Board of Equalization, P.O. Box 942879, Sacramento, Ca. 94279." The mailing address designated by the Board is: "State of California, Board of Equalization, MIC 29, P.O. Box 942879, Sacramento, Ca. 94279-0001."

The debtors subsequently notified the interested [*11] parties that a confirmation hearing would be held on January 7, 2002. The Board was not listed on the service list for this hearing, and did not appear. However, the January 7, 2002 hearing was continued until February 12, 2002. Although the Board was not on the service list for the February 12 hearing, an attorney for the Board was present in court but did not make an official appearance. On February 15, 2002, the Board filed its Administrative Tax Claim which seeks to recover taxes pursuant to section 6051 of the California Revenue and Tax Code.

There is an issue as to whether the Board was properly notified of the bar date. It is undisputed that notice of the bar date was not served pursuant to Bankruptcy Rules 9014 and 7004 which govern service in "contested matters." See Fed. R. Bankr. P. 9014. The debtors contend that a bar date is not a "contested matter" for the purposes of Rule 9014. Therefore, they argue, service regarding the bar date could have been made pursuant to Bankruptcy Rule 2002 which regulates service in uncontested matters. California contends that service was flawed under either Rule 9014 or 2002 because the debtors' attempted service did not name a specific [*12] person or department at the Board. California also argues that the bar date was a contested matter because the bar date is intertwined with the tax issue under section 1146(c).

Alternatively, the debtors argue that even if service was not properly made, California had actual notice of the sale and bar date. The debtors allege that on or about February 15, 2001, the Board became aware of the sale. Indeed, a February 15, 2001 letter from Board auditor Steve Slaughter does make reference to "companies and subsidiaries acquired by Time Warner Telecom, Inc. in 2001." (See Ex. D. to Debtors

Get a Document by Citation - 2002 U.S. Dist. LEXIS 18745    Page 9 of 15

Case 1:05-cv-00232-GMS    Document 11-2    Filed 12/15/2005    Page 8 of 14

Opp'n.) Joseph Doubrava, an accountant for the debtors, also states that Mary Ann Alonzo, a property tax attorney with the Board, was notified of the bar date sometime in March 2001. However, other than Mr. Doubrava's affidavit, there is no evidence in the record to support this conclusion. Moreover, although the Doubrava affidavit claims that Ms. Alonzo was made aware of the order establishing the bar date, there is no evidence that establishes Ms. Alonzo's knowledge or understanding of bankruptcy law and procedures. n2

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 The debtors also assert that a finding of notice can be made based upon communications between Board Tax Specialist Mary Narlock and the debtors. However, it is undisputed that any communications between Ms. Narlock and the Board did not take place until October 2001, six months after the bar date. Since any communications between Ms. Narlock and the Board could not have been calculated to provide the board with reasonable notice of a bar date that had long since passed, the court will not consider the communications with Ms. Narlock in its analysis of the notice issue.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

[*13]

## III. STANDARD OF REVIEW

HN1 Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P 56(c). A fact is material if it might affect the outcome of the case, and an issue is genuine if the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmovant. See In re Headquarters Dodge, Inc., 13 F.3d 674, 679 (3d Cir. 1993) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)). HN2 When deciding a motion for summary judgment, the court must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. See Pacitti v. Macy's, 193 F.3d 766, 772 (3d Cir. 1999). The nonmoving party, however, must demonstrate the existence of a material fact supplying sufficient evidence -- not mere allegations -- for a reasonable jury to find for the nonmovant. See Olson v. General Elec. Astrospace, 101 F.3d 947, 951 (3d Cir. 1996) (citation omitted). To raise a genuine issue of material [*14] fact, the nonmovant "need not match, item for item, each piece of evidence proffered by the movant but simply must exceed the 'mere scintilla' [of evidence] standard." Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., 998 F.2d 1224, 1230 (3d Cir. 1993) (citations omitted). The nonmovant's evidence, however, must be sufficient for a reasonable jury to find in favor of the party, given the applicable burden of proof. See Anderson, 477 U.S. at 249-50.

## IV. DISCUSSION

There are two separate issues presented in these motions-whether California's sales tax is exempt under section 1146(c) and, if so, whether California's administrative tax claim was timely filed. The court will address the 1146(c) issue first, followed by a discussion of the notice issue.

### A. Section 1146(c)

Section 1146(c) of the Bankruptcy Code states:

> HN3 The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax. n3

11 U.S.C. § 1146(c) (2002).

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 Contrary to California's assertion, section 1146(c) does *not* state that the tax must be a "stamp or similar tax imposed upon an instrument transferring an interest in property."

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*15]

The parties dispute whether the sales tax embodied in section 6051 of the California Revenue Code is a "stamp or similar tax" for the purposes of section 1146(c). In *In re 995 Fifth Avenue Assoc.*, 963 F.2d 503, 511-12 (2d Cir. 1992), HN4 the Second Circuit outlined a five part test courts can use to determine whether a tax is a stamp or similar tax. According to the Second Circuit, the court must consider whether:

> (1) [the tax is] imposed only at the time of transfer or sale of the item at issue; (2) the amount due [under the tax] is determined by the consideration for, par value of, or value of the item being transferred; (3) the tax rate is a relatively small percentage of the consideration for, par value of, or value of the item being transferred; (4) the tax is imposed irrespective of whether the transferor enjoyed a gain or suffered a loss on the underlying sale or transfer; (5) in the case of state documentary transfer taxes, the tax must be paid as a prerequisite to recording.

*In re 995 Fifth Avenue Assoc.*, 963 F.2d at 511-12.

The court finds that California's sales tax meets four of these five criteria. Nevertheless, the court finds that the tax rate [*16] is not "a relatively small percentage of the consideration for, par value of, or value of the item being transferred." *Id.* Earlier in the debtors' case, the State of Washington objected to the confirmation of the debtors plan. Washington alleged that its use tax was not a stamp or similar tax for 1146(c) purposes. In addressing Washington's objection, the court stated:

> Washington argues that its 6.5 % tax is significantly higher than most taxes found to be stamp taxes. The debtor argues that the amount of use taxes paid amounts to a fractional percentage of the overall transaction, and is *de minimis* when compared to income taxes or other such taxes.
>
> The court rejects the debtor's argument on this point. The *995 Fifth Avenue* court surveyed a number of cases and statutes concerning stamp taxes. *See id.* 963 F.2d at 511-12 (collecting cases and statutes from Florida, Vermont, Connecticut, and New York). None of the taxes imposed were greater than one percent. Thus, the court concluded, "Stamp and documentary transfer taxes impose a low tax rate, typically about one percent or less of the consideration for the underlying transfer." *Id. at 513.* Based on this conclusion, the court held that New York's capital gains tax, which imposed a ten percent tax rate, "greatly exceeded the tax rate used in any stamp [*17] or documentary tax." *Id.* The court therefore held that section 1146(c) did not exempt the debtor from paying the tax. *Id.*
>
> The court is persuaded by the reasoning of the *995 Fifth Avenue* court. Since stamp taxes are generally low, only taxes with rates nearly equivalent to a one percent stamp tax rate should be considered "similar" to a stamp tax under section 1146(c). In the present case, however, Washington's 6.5% use tax is roughly six times greater than the average one percent stamp tax. The court has not found -- and the debtor has not provided -- a single case wherein a court has held that a tax as large as the one here

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 18745 Page 10 of 14

Case 1:05-cv-00232-GMS    Document 11-2    Filed 12/15/2005    Page 11 of 15

falls within the scope of section 1146(c). The court therefore finds that the 6.5 % use tax here is more similar to the ten percent capital gains tax in *995 Fifth Avenue*.

> Similar to the *995 Fifth Avenue* court, the court finds that Washington's use tax, at a rate of 6.5 %, is too large to qualify as a stamp or similar tax under section 1146(c). Thus, the debtor is not exempt from paying the tax.

Memorandum and Order, 3/20/02, at 6-7.

In its previous opinion, the court noted that under current law, HN5 in order to qualify [*18] as a stamp tax, a tax must impose a rate that is roughly equivalent to the one-percent stamp tax rate. Admittedly, California's 4.75 % sales tax is lower than Washington's 6.5 % use tax. Nevertheless, like the Washington tax, California's 4.75 % tax rate far exceeds the generally accepted one-percent stamp tax rate. Therefore, the court finds that it cannot qualify as a stamp or similar tax under the *995 Fifth Avenue* test.

In addition to the excessive tax rate, the court notes that there are fundamental differences between a stamp tax and a sales tax not accounted for in the *995 Fifth Avenue* test. As was recognized in *In re CCA Partnership*, 72 B.R. 765 (D. Del. 1987), HN6 "a stamp tax is, by definition, a tax on the instrument of transfer, not on the parties to the transfer or the act of recording the transfer." *Id.* at 766. By contrast, California's sales tax does not tax instruments of transfer. Rather, according to its terms, HN7 California's sales tax imposes a tax upon "all retailers" for "the privilege of selling tangible personal property" in the state. CA. REV. & TAX CODE § 6051 (2002). Indeed, section 6051 makes no mention of instruments [*19] of transfer. Thus, California's sales tax is fundamentally different from a stamp tax in this regard.

For these reasons, California's sales tax is not a stamp or similar tax for 1146(c) purposes. Thus, if the court should find that California's claim was timely filed, the debtors will not be exempted from paying the tax.

## B. Notice

The court now considers whether California was properly notified of the relevant events in this lawsuit. Although the parties present arguments regarding the Board's notice of the sale motion, the confirmation hearing, and the bar date, the court finds that in order to determine whether the Board's claim is timely, it need only consider whether the Board received proper notice of the bar date.

### 1. Is the Bar Date a Contested Matter?

The debtors concede that the notices regarding the sale, confirmation, and bar date were not served in accordance with Rule 9014. However, the debtors assert that since the confirmation and bar dates are not contested matters, they were allowed to serve notice for these proceedings under Rule 2002. The Board responds that the bar date was a contested matter because it was "indescribably bound" to the 1146(c) issue. [*20] The Board argues that since a motion for a determination of the tax issue must have been served pursuant to Rule 9014, the bar date must also become a contested matter.

The court is not persuaded by the Board's position. First, although it is an intriguing proposition, the Board cites no authority in support of the contention that a bar date must become a contested matter simply because it is connected to a matter that may subsequently contain a dispute. n4 Moreover, the Board's argument fails to realize that although the debtor could have made a motion for a determination of tax liability, it was not required to do so. There is nothing inappropriate in allowing the creditors to file claims and objections regarding their tax demands, provided they are given proper notice.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 The Board's argument also assumes the debtors will always know which matters a creditor will contest. Placing such a high burden on the debtors is unreasonable, and the court declines to do so.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Second, the Board also fails to cite any authority [*21] in support of its argument that a bar date is a contested matter. Indeed, such a finding would be contrary to the plain language of Rule 2002. *HN8* Subsection (f) of Rule 2002 states that notice of "the time allowed for filing claims" may be properly served under the rule. See FED. R. BANKR. P. 2002(f)(3). California has not cited-and the court has not found-any authority to the contrary. Thus, the court declines to rule that a bar date is *per se* a contested matter.

### 2. Did the Board Receive Adequate Notice under Rule 2002?

*HN9* Rule 2002 dictates that notice to creditors under the rule must be addressed "as [the entity] has directed in its last request filed in the particular case." *Id.* at 2002(g)(1). The Rule further states that if the creditor does not have an address on file, "the notices shall be mailed to the address shown on the list of creditors or the schedule of liabilities, whichever is filed later." *Id.* at 2002(g)(2).

The debtors argue that they complied with Rule 2002 because they sent the notice to the address on the schedule of liabilities-"State of California, Board of Equalization, P.O. Box 942879, Sacramento, Ca. 94279." The court would be persuaded [*22] that this constituted appropriate service *if* the Board had supplied the address. However, the Board was not listed on any of the prior service lists and therefore did not supply an address. The address was supplied by the debtors. Thus, the debtors had an obligation to ensure that they sent the notice to the appropriate address. See In re Faden, 170 B.R. 304, 308 (Bankr. S.D. Tex 1994)("The *HN10* burden is on the debtors to accurately complete their schedule of names and addresses of creditors.").

The debtors failed to meet this burden because the address they provided was incorrect. Although they sent the notice to "State of California, Board of Equalization, P.O. Box 942879, Sacramento, Ca. 94279," the Board's designated address is "State of California, Board of Equalization, MIC 29, P.O. Box 942879, Sacramento, Ca. 94279-0001." As an initial matter, the court notes that it was not an onerous burden for the debtor to discover the correct address. As the Board points out, the address was readily accessible on the world wide web. Moreover, although the debtors have over 40,000 creditors, they were only responsible for contacting the tax boards of eight states. For these [*23] reasons, the court will not excuse the debtors' failure to send the notice to the correct address.

Additionally, the court finds that the debtor's mistake was significant. The court notes that the difference between the correct and incorrect addresses is admittedly small. However, the small difference carries large consequences. The "MIC 29" reference was apparently added in an effort to better direct the mail to the responsible department or person. Without the "MIC 29" routing instruction, therefore, the service was not directed to anyone in particular. However, *HN11* courts have continually held that when serving large agencies and businesses, "service not directed to the attention of anybody in particular is not sufficient." *In re Association of Volleyball Professionals*, 256 B.R. 313, 317 (Bankr. C.D. Cal. 2000). Indeed, it is not unreasonable to assume that, when dealing with an agency as large as the Board, the failure to include something as small as "MIC 29" could result in the mislabeled mail languishing in the wrong hands for days, weeks, or even months until the error is discovered.

For these reasons, the court finds that the debtors' attempted service was not [*24] directed to the attention of anyone in particular, and is therefore insufficient under Bankruptcy Rule 2002.

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 18745    Page 12 of 14

Case 1:05-cv-00232-GMS    Document 11-2    Filed 12/15/2005    Page 13 of 15

### 3. Actual Notice

Having held that the service was improper under Rule 2002, the court must now consider whether the service can nonetheless be deemed effective due to actual notice.

California argues that actual notice cannot save a defective service under any circumstances. The court agrees that this statement *may* hold true where service is required to be made pursuant to Rule 9014. However, HN12 when service must be made in accordance with Rule 2002, a number of courts have held that actual notice *can* cure defective service. See GAC Enters. v. Medaglia (In re Medaglia), 52 F.3d 451, 454 (2d Cir. 1995) (noting that although Rule 2002 makes no mention of actual notice, "a finding that the Rules require formal notice in all instances, regardless of the creditor's actual knowledge" would be illogical); In re Patriots Point Associates, Ltd., 902 F.2d 1565, 1990 WL 64718, at *8 (4th Cir. 1990) (noting that with reference to Rule 2002, "a rule requiring notice and opportunity to object is adequately complied with if an objecting party receives actual notice [*25] ..."); In re Toth, 61 B.R. 160, 166 (Banrk. N.D. Ill. 1986) ("In bankruptcy, a procedural rule requiring notice is adequately complied with by procedure whereby a party not receiving formal notice does receive actual notice ..."). The court therefore rejects the Board's position that actual notice cannot cure a defective service under Rule 2002.

Although the court finds that it is possible for actual notice to substitute for proper service, the court also finds that in this case, there is a question of fact regarding whether California received actual notice of the bar date. The debtors allege that Ms. Alonso was notified of the bar date sometime in March 2001. However, the only evidence in support of this allegation is an affidavit from the debtors' employee, Mr. Doubrava. No other letters, facsimiles, or other objective evidence that would prove notice has been included. Thus, although the court accepts the debtors' assertions as true, the court also notes that without corroboration, the debtors evidence regarding notice is insufficient.

Moreover, even assuming that Ms. Alonzo was notified of the bar date in March 2001, the debtors have not adduced any evidence [*26] that would demonstrate that Ms. Alonzo was the person who should have been notified. The debtors have adduced no evidence to demonstrate that Ms. Alonzo's position or authority were such that any actual notice received by her could be imputed to the Board. Additionally, the debtors have not proven that Ms. Alonzo, while aware of the bar date, was aware of the bankruptcy implications of the bar date. The affidavit alleges that she was a property tax attorney. However, the court believes that given the specialized nature of the bankruptcy law and practice, the debtors must demonstrate not only that Ms. Alonzo (or another person) received notice of the bar date, but that she was sufficiently conversant with bankruptcy law and procedures to be able to appreciate the implications of the notice and respond accordingly. Although it is possible that Ms. Alonzo has such a background, the current record contains precious little from which the court can conclude that this is the case. Therefore, the court finds that there are questions of fact as to (1) who the actual notice should have been given to and (2) whether Ms. Alonzo's experience, position, or background in bankruptcy were such that [*27] the court can impute her alleged knowledge to the Board.

For these reasons, the court concludes that there are questions of fact precluding summary judgment on the notice issue. Therefore, the court will deny California's motion for summary judgment as to this issue.

### V. CONCLUSION

The court concludes that California's sales tax is not a stamp tax or similar tax, and therefore does not qualify for exemption under 11 U.S.C. § 1146(c). The court will therefore grant summary judgment in favor of California on this issue. Moreover, the court concludes that the bar date was not a contested matter and it was therefore appropriate for the debtors to serve notice of the bar date pursuant to Bankruptcy Rule 2002. The court finds, however, that the debtors' attempted service under Rule 2002 was ineffective. Nevertheless, questions of fact remain as to whether California had actual notice of the bar date. Therefore, the court will deny summary judgment for either party on the service issue, and will permit the parties to introduce evidence regarding notice at some future time. n5

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 18745    Page 13 of 14

Case 1:05-cv-00232-GMS    Document 11-2    Filed 12/15/2005    Page 14 of 15

n5 Given the court's decision, it need not discuss the issue of excusable neglect on the part of California at this time. However, if the court should find that the debtors' service was proper, California may reassert this issue.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*28]

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The State Board of Equalization of the State of California's Motion for Summary Judgment is GRANTED as to the section 1146(c) tax issue, but is DENIED as to the issue of notice under Rule 2002.

2. GST's cross-motion for summary judgment is DENIED.

3. Within 10 days of this order, the parties should submit an agreed upon schedule for the conduct of fact discovery on the notice issue.

4. Within 10 days of this order, the parties should contact the court to secure a date for an evidentiary hearing on the notice issue.

Dated: July 29, 2002

Gregory M. Sleet

UNITED STATES DISTRICT JUDGE


View: **Full** | Custom            1 of 1            **FASTPrint**  Print | Download | Fax | Email | Text Only
                 FOCUS™ | More Like This | More Like Selected Text | Shepardize® | TOA
            In re GST Telecom, Inc., 2002 U.S. Dist. LEXIS 18745  (Copy w/ Cite)            Pages:    17

Service: **Get by LEXSEE®**
Citation: **2002 U.S. Dist. LEXIS 18745**
View: **Full**
Date/Time: **Thursday, December 15, 2005 - 4:06 PM EST**

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any Shepard's signal to Shepardize® that case.

About LexisNexis | Terms & Conditions
Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 18745

Case 1:05-cv-00232-GMS   Document 11-2   Filed 12/15/2005   Page 15 of 15

Page 14 of 14

