IN THE UNITED STATES COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| CONE MILLS CORPORATION, et al., | ) ) ) |  |
| Debtors. | ) ) ) | Case No. 03-12944 (MFW) |
| CROMPTON COLORS, INC., | ) ) ) ) |  |
| Appellant, | ) ) | Civil Action No. 05-232 (GMS) |
| v. | ) ) ) |  |
| INTERNATIONAL TEXTILE GROUP, INC., f/k/a WLR Cone Mils Acquisition LLC, f/k/a WLR Recovery Fund II, L.P., | ) ) ) ) |  |
| Appellees. | ) ) |  |

## ORDER

1. On January 7, 2005, the International Textile Group ("ITG") filed a Motion to Enforce the Sale Order with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") against the New Jersey Department of Environmental Protection ("NJDEP"), the Administrator of the New Jersey Spill Compensation Fund, Crompton Colors Inc., and Crompton Corporation (hereinafter "Chemtura").[1] (D.I. 4 Ex. 5.) On February 28, 2005, the Bankruptcy Court held a hearing and determined that notice of the sale of Cone Mills Corporation and other debtors (collectively the "debtors") to ITG needed only to comply with Federal Rule of Bankruptcy Procedure 2002(a)(2), and that the notice

---

[1] On July 1, 2005, Crompton Corporation changed its name to Chemtura Corp. (D.I. 9 at 1.)

      of the sale received by Chemtura met this standard. The Bankruptcy Court held that because the debtors complied with Rule 2002(a)(2), Chemtura was bound by the provisions of the Sale Order (D.I. 4 Ex. 4), which relieves ITG of any successor liability. On March 2, 2005, Chemtura filed an appeal from the Bankruptcy Court's ruling. (D.I. 1.)

2. The facts of this action are set forth in the transcript of the Bankruptcy Court proceedings. (See D.I. 1190 in 03-12944(MFW) ("D.I. 1190") at 12:08-15:20.)

3. The court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) (2007). When reviewing a case on appeal, the court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to that court's legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). Mixed questions of law and fact are subject to a "mixed standard of review." *See Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635, 641-42 (3d Cir. 1991), *cert. denied*, 503 U.S. 937 (1992). Under this "mixed standard of review," the appellate court accepts findings of "historical or narrative facts unless clearly erroneous, but exercise[s] plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to historical facts." *Id*.

4. After reviewing the decisions of the Bankruptcy Court under a mixed standard of review, the court finds that the Bankruptcy Court properly held that Chemtura is bound by the Sale Order which relieved ITG of any successor liability for claims. It is undisputed that notice of the sale was sent to Chemtura at the address: Crompton Corporation, Benson Road, Middlebury, CT 06749. (D.I. 9 at 14.) It is also undisputed that the notice was received by Chemtura's credit department, who then placed the notice in a "dead" file. (Id. at 16.) Thus,

the main issues in the case concern which Bankruptcy Rules govern the sale notice, and whether the notice met the standards set forth in those rules.

a.  The court agrees with the Bankruptcy Court's conclusion that Rule 6004(a) and Rule 2002(a)(2) control the notice of service aspect of this case. Rule 6004 governs the use, sale, or lease of property. Subdivision (a) of the rule specifically addresses notice requirements and provides, "[n]otice of a proposed use, sale, or lease of property . . . shall be given pursuant to Rule 2002(a)(2) . . . ." Here, the sale of the debtors' assets to ITG constituted a sale free and clear of liens and other interests. (See D.I. 4 Ex. 4.) Accordingly, the court must apply subdivision (c) of the rule to the sale. That subdivision provides, "[a] motion for authority to sell property free and clear of liens or other interests shall be made in accordance with Rule 9014 and shall be served on the parties who have liens or other interests in the property to be sold." Fed. R. Bankr. P. 6004(c). The next sentence sets forth the notice requirements of subdivision (a) of the rule, such as "the date of the hearing on the motion and the time within which objections may be filed and served on the debtor in possession or trustee." Id. Applying Chemtura's interpretation, which suggests that service of notice of a "free and clear" sale is subject to Rules 9014 and 7004 would, in effect, ignore the second sentence of Rule 6004(c) relating to notice and render this portion of the rule useless. Further, Rule 6004(c) provides that the "*motion* . . . to sell . . . shall be made in accordance with Rule 9014." In other words, Rule 6004(c) requires the application of Rule 9014 only in terms of making the motion, not in terms of providing notice of service. Thus, it is proper for the

       court to look to the second sentence of Rule 6004 for guidance. Given the foregoing, the court concludes that the Bankruptcy Court did not err in concluding that Rule 6004(a) governs service of notice in a "free and clear" sale of assets, and only requires notice given pursuant to Rule 2002(a)(2).

b.    The court further agrees with the Bankruptcy Court's conclusion that Chemtura is bound by the sale order, because it had actual notice of the sale. Chemtura relies heavily on this court's decision in *In re GST Telecom, Inc.*, No. 00-1082 GMS, 2002 WL 1737445, (D. Del. July 29, 2002) to support its argument. In particular, Chemtura cites the court's statement that "courts have continually held that when serving large agencies and businesses, service not directed to the attention of anybody in particular is not sufficient [under Rule 2002]." *Id.* at *6 (internal quotation omitted). However, the opinion further explains that it is possible for actual notice to substitute for proper service. *Id.* at *7 (citing *GAC Enters. v. Medaglia (In re Medaglia)*, 52 F.3d 451, 454 (2d Cir. 1995); *In re Patriots Point Associates, Ltd.*, 902 F.2d 1565, 1990 WL 64718, at * 8 (4th Cir. 1990); *In re Toth*, 61 B.R. 160, 166 (Bankr. N.D. Ill. 1986)). Since it is undisputed that Chemtura had actual notice of the sale, and since Chemtura's council admitted at oral argument that the notice received made clear that a sale motion was filed, proper service under Rule 2002 was neither necessary nor required. (D.I. 1190 at 31:5-8.)

Therefore, IT IS HEREBY ORDERED that:

1. The February 28, 2005 Ruling of the Bankruptcy Court is AFFIRMED.

Dated: January 31, 2008                         /s/ Gregory M. Sleet
                                                CHIEF, UNITED STATES DISTRICT JUDGE