# IN THE UNITED STATES COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CONE MILLS CORPORATION, *et al.*,<br><br>Debtors.<br><br>―――――――――――――――<br><br>CROMPTON COLORS, INC.,<br><br>Appellant,<br><br>v.<br><br>INTERNATIONAL TEXTILE GROUP, INC.,<br>f/k/a WLR Cone Mils Acquisition LLC,<br>f/k/a WLR Recovery Fund II, L.P.,<br><br>Appellees. | Chapter 11<br><br>Case No. 03-12944 (MFW)<br><br>Civil Action No. 05-232 (GMS) |

## APPELLANTS CROMPTON COLORS, INC. AND CROMPTON CORPORATION'S STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL PURSUANT TO RULE 6(b)(2)(B)(i) OF THE FEDERAL RULES OF APPELLATE PROCEDURE

Appellants, Crompton Colors, Inc. and Crompton Corporation (now Chemtura Corporation) (hereinafter collectively "Crompton") by and through their undersigned counsel, submit the following Statement of Issues on Appeal and Designation of Items to be Included in the Record on Appeal.

## I. Statement Of Issues On Appeal

1. Did the District Court err in finding as a matter of law that Cone Mills, which specifically sought to extinguish forever Crompton's rights and interests in the debtor's

property through a Section 363(f) asset sale, did not have to provide notice of the sale to an officer or authorized agent in accordance with Rules 9014 and 7004?

      2.     Does the debtor Cone Mill's failure to comply with Rule 6006, which mandates particular means of service for notices to assume, reject, or assign executory contracts, preclude the debtor from extinguishing the claims of a known creditor, Crompton, in a Bankrutpcy Code § 363(f) asset sale where the only notice ever served on Crompton with respect to the bankruptcy or the sale was a notice to assume, reject or assign executory contracts? Raised, but not addressed below.

      3.     Did the District Court err in deciding as a matter of law that Crompton's rights and interests in property could be forever extinguished by way of a Section 363(f) asset sale, even when Cone Mills failed to comply even with Rule 2002(a) service requirements because the notice used constituted "actual notice" where:

      (a)  the debtor and buyer specifically intended to extinguish the successor liability claims of Crompton, a known creditor;

      (b)  the debtor failed to comply with any of its obligations to list Crompton in the bankruptcy schedules or to serve the known creditor with, *inter alia*, the motion to approve the sale procedures, the motion to approve the sale, the order establishing the sale procedures, the proposed sale agreement, the sale order, or the plan disclosure statements;

      (c)  the only notice of the bankruptcy ever sent to Crompton was a notice to assume, reject, or assign executory contracts, even though Crompton did not have an executory contract with the debtor;

2

(d)  the debtor and buyer possessed numerous addressees with knowledge of the known creditor's claims, but the notice was not sent to anyone in particular, nor directed to any officer or authorized agent of the known creditor;

(e)  because of the failure to utilize any of the addressees possessed by the debtor and buyer, and because of the failure to otherwise direct service to an officer or authorized agent of the known creditor, the notice was never received by any person at Crompton with any knowledge of the known creditor's claims; and

(f)  the notice used did not put Crompton on notice that any of its claims were at risk of being extinguished by the asset sale?

## II.  Designation Of Items To Be Included On Appeal

1.  Debtors' Motion to Approve Sale Procedures, with exhibits.

2.  Debtors' Motion to Approve Sale, with exhibits.

3.  Mary O'Neil Deposition Transcript, with exhibits.

4.  Neil Koonce Deposition Transcript, with exhibits.

5.  D'Appolonia Deposition Transcript, with exhibits.

6.  Pamela Missal Deposition Transcript, with exhibits.

7.  Affidavit of Neil Koonce.

8.  ITG's Supplemental Brief in Support of ITG's Motion for Enforcement of Sale Order.

9.  Memorandum of Law of Crompton Color's Inc. Regarding Failure to Provide Notice to a Known Creditor in Response to ITG's Supplement to Motions of ITG, with all exhibits.

10.  Transcript, February 28, 2005 (incorrectly stated as February 28, 2004) Sale Hearing.

11.  Letter from Debtor's Former General Counsel to Debtor's Lead Counsel in Bankruptcy regarding Specific Instructions to Avoid Liability for Crompton's

3

Claims, Exhibit Q to Crompton's Memorandum Regarding Failure to Provide Notice.

12.    Schedule 2.09 and 2.12 to § 363 Asset Sale Agreement identifying Crompton's Claims as "Litigations" and "Environmental Matters," Exhibit R to Crompton's Memorandum Regarding Failure to Provide Notice.

13.    Supplemental Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing, Exhibit T to Crompton's Memorandum Regarding Failure to Provide Notice.

14.    Affidavit of Service for Supplemental Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing, Exhibit U to Crompton's Memorandum Regarding Failure to Provide Notice.

15.    Purchase and Sale Agreement regarding Environmental Liability Site, Exhibit V to Crompton's Memorandum Regarding Failure to Provide Notice.

16.    Debtor's Consolidated Objection to ITG's Motion Seeking Enforcement of Sale Order, Allowance of Administrative Claims or Recission.

17.    Transcript, February 28, 2005 Hearing on Motion of ITG. To Enforce Sale Order.

18.    Transcript, October 27, 2003 Hearing on Omnibus Bid Procedures.

19.    Order Approving Debtors' Motion for Order (A) Approving Sale Procedures, (B) Approving Buyer's Breakup Fee and Expense Reimbursement; (C) Approving Form and Manner of Notice; (D) Scheduling a Hearing to Consider the Sale of Substantially All of the Debtors' Assets; and (E) Granting Related Relief and any exhibits and attachments thereto (Docket No. 226) [admitted into record by Honorable Mary F. Walrath at Bankruptcy Court hearing on February 28, 2005 as Exhibit 1].

20.    Supplemental Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing dated November 25, 2003 and any exhibits and attachments thereto [admitted into record by Honorable Mary F. Walrath at Bankruptcy Court hearing on February 28, 2005 as Exhibit 2].

21.    Affidavit of Service of Lisa Talley, regarding Supplemental Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing dated November 25, 2003, and any exhibits and attachments thereto (Docket No. 743) [admitted into record by Honorable Mary F. Walrath at Bankruptcy Court hearing on February 28, 2005 as attachment to Exhibit 2].

4

22. Certification of Publication by Arlene Moller, regarding Notice of Hearing to Consider Confirmation of Debtors' Second Amended Plan of Reorganization published in the New York Times on September 10, 2004, and any exhibits and attachments thereto [admitted into record by Honorable Mary F. Walrath at Bankruptcy Court hearing on February 28, 2005 as Exhibit 3].

23. Affidavit of Publication of Richard Garcia, regarding Notice of Hearing to Consider Confirmation of Debtors' Second Amended Plan of Reorganization published in Women's Wear Daily on September 10, 2004, and any exhibits and attachments thereto [admitted into record by Honorable Mary F. Walrath at Bankruptcy Court hearing on February 28, 2005 as Exhibit 4].

24. Affidavit of Kenneth L. Altman, regarding Notice of Auction Procedures and Sale Hearing published in the New York Times and Women's Wear Daily on November 18, 2003, and any exhibits and attachments thereto [admitted into record by Honorable Mary F. Walrath at Bankruptcy Court hearing on February 28, 2005 as Exhibit 5].

25. International Textile Group, Inc.'s Notice of the Deposition of Crompton Colors, Inc. and Crompton Corp. Pursuant to Fed. R. Bank. P. 30 and Fed. R. Civ. P. 30(b)(6) and any exhibits and attachments thereto [admitted into record by Honorable Mary F. Walrath at Bankruptcy Court hearing on February 28, 2005 as Exhibit 6].

26. Federal Express proof of delivery on November 26, 2003 of Supplemental Notice of Possible Assumption, Sale and Assignment of Certain Unexpired Leases and Executory Contracts and Sale Hearing upon Crompton Corporation and any exhibits and attachments thereto [admitted into record by Honorable Mary F. Walrath at Bankruptcy Court hearing on February 28, 2005 as Exhibit 7].

27. Proof of Claim of Crompton Colors, Inc. dated December 10, 2004 and filed in the bankruptcy cases of *In re Cone Mills Corporation, et al.*, and any exhibits and attachments thereto [admitted into record by Honorable Mary F. Walrath at Bankruptcy Court hearing on February 28, 2005 as Exhibit 8].

28. Purchase and Sale Agreement between Cone Mills Corporation and Crompton & Knowles Corporation dated September 5, 1980 and any exhibits and any attachments thereto [admitted into record by Honorable Mary F. Walrath at Bankruptcy Court hearing on February 28, 2005 as Exhibit 9].

29. Order Authorizing (A) Sale of Substantially all of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances and Interests Subject to Higher or Better Offers (B) Approving the Amended and Restated Asset Purchase Agreement, (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Such Sale, and (D) Granting Related Relief dated February 10, 2004, and any exhibits and attachments thereto (Docket No.

PHDATA 3071015_1

509) [admitted into record by Honorable Mary F. Walrath at Bankruptcy Court hearing on February 28, 2005 as Exhibit 10].

30.     Motion of International Textile Group, Inc. for Order Directing the New Jersey Department of Environmental Protection, the Administrator of the New Jersey Spill Compensation Fund, Crompton Colors, Inc and Crompton Corp. to Comply with the Sale Order and any exhibits and attachments thereto (Docket No. 1096).

31.     Supplement to Motion of International Textile Group, Inc. for Order Directing the New Jersey Department of Environmental Protection, the Administrator of the New Jersey Spill Compensation Fund, Crompton Colors, Inc. and Crompton Corp. to Comply with the Sale Order and any exhibits and attachments thereto (Docket No. 1148).

Date: March 13, 2008

                                 /s/ Richard A. Barkasy
                                 Richard A. Barkasy, Esq. (#4683)
                                 SCHNADER HARRISON SEGAL
                                   & LEWIS LLP
                                 824 N. Market Street, 10th Floor, Suite 1001
                                 Wilmington, DE 19801-3011
                                 Telephone: 302-888-4554
                                 Facsimile: 302-888-1696
                                 Email: rbarkasy@schnader.com
                                 **Attorneys for Crompton Colors, Inc.**

OF COUNSEL:

John M. Armstrong, Esq.
SCHNADER HARRISON SEGAL
  & LEWIS LLP
220 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-6511
Telephone: 856-482-5222
Facsimile: 856-482-6980
Email: jarmstrong@schnader.com

PHDATA 3071015_1

## IN THE UNITED STATES COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CONE MILLS CORPORATION, *et al.*, | Case No. 03-12944 (MFW) |
| Debtors. | |
| | Civil Action No. 05-232 (GMS) |
| CROMPTON COLORS, INC., | |
| Appellant, | |
| v. | |
| INTERNATIONAL TEXTILE GROUP, INC., f/k/a WLR Cone Mils Acquisition LLC, f/k/a WLR Recovery Fund II, L.P., | |
| Appellees. | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March, 2008, a true and correct copy of the foregoing Appellants Crompton Colors, Inc. and Crompton Corporation's Statement of Issues on Appeal and Designation of Items to be Included in the Record on Appeal Pursuant to Rule 6(B)(2)(B)(I) of the Federal Rules of Appellate Procedure and Certificate of Service were served via ECF delivery, upon the following:

Pauline K. Morgan, Esquire
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, DE  18999-0391
Phone:  302-571-6600
Fax:     302-571-1253

*-and-*

Andrew N. Rosenberg, Esquire
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York City, NY 10019-6064
Phone: 212-373-3000
Fax:   212-757-3990
*Attorneys for Debtor*

Christopher M. Winter, Esquire
Michael R. Lastowski, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4900
Fax:   302-657-4901
*Attorneys for International Textile Group, Inc./Cone Mills LLC*

Marilyn R. Greenberg, Esquire
Alexa Richman-LaLonde, Esquire
Riker Danzig Scherer Hyland Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Phone: 973-451-8437
Fax:   973-451-8657
*Individual Attorneys for Cone Mills, LLC*

Carol Lynn DeMarco, Esquire, D.A.G.
Office of the Attorney General of New Jersey
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, NJ 08625-0093
Phone: 609-984-5189
Fax:   609-984-9315
*Attorneys for New Jersey Department of Environmental Protection, and*
*the Administrator of the New Jersey Spill Compensation Fund*

Mark E. Felger, Esquire
Jeffrey R. Waxman, Esquire
Cozen O'Connor
1201 Market Street, Suite 1400
Wilmington, DE 19801
Phone: 302-295-2087
Fax:   302-295-2013

2

*-and-*

Mark S. Indelicato, Esquire
Mark T. Power, Esquire
Hahn & Hessen LLP
488 Madison Avenue
New York City, NY 10022
Phone: 212-478-7200
Fax:  212-
***Counsel to the Official Committee of Unsecured Creditors***

Date:  March 13, 2008

/s/ Richard A. Barkasy
Richard A. Barkasy, Esq. (#4683)

3